UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARD BELL,

    Plaintiff,

v.                                                                                        Case No. 8:08-cv-30-T-17-EAJ

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

This cause is before the Court on Defendant's Motion to Dismiss with Prejudice Plaintiff's Amended Complaint (Dkt. 14), filed on March 25, 2008 (Dkt. 15), and response thereto (Dkt. 17). For the reasons set forth below, Defendant's Motion to Dismiss the Amended Complaint with Prejudice against Plaintiff is **GRANTED** as to Count I but **DENIED** as to Count II. The following facts are accepted as true for the purpose of resolving this motion.

## BACKGROUND

In March 2005, Defendant hired Plaintiff as a Long Term Care Specialist but dismissed him from his employment shortly after on April 2, 2005 (Dkt. 14). Defendant claims that Plaintiff intentionally lied on his employment application when he stated he had never been convicted of a crime (Dkt. 14). Since the court withheld adjudication of guilt when Plaintiff pled guilty to grand larceny in 2004, Plaintiff argued he did not misrepresent his status because he was not formally convicted of a crime (Dkt. 14). Nevertheless, Defendant was discharged from his employment (Dkt. 14). He subsequently applied to Florida's Agency for Workforce Innovation to obtain

unemployment compensation benefits (Dkt. 14). The agency denied Plaintiff's request for unemployment benefits, concluding that Plaintiff was ineligible because he was discharged for misconduct, pursuant to Florida Statutes Section 443.101(1), for falsifying his employment application (Dkt. 14). Plaintiff subsequently appealed the decision to the Unemployment Appeals Commission (Dkt. 14). On appeal, the appeals referee reversed the decision, finding that Plaintiff did not intentionally falsify his employment application (Dkt. 14). The Commission reasoned that because the court had withheld adjudication of Plaintiff's grand larceny charge, it failed to formally convict him (Dkt. 14). According to the Commission, Plaintiff's termination did not constitute "misconduct" under the unemployment compensation statute, and, therefore, Plaintiff was entitled to receive unemployment benefits.

Frustrated by his termination, Plaintiff filed a complaint on November 17, 2007 in the Circuit Court of the Sixth Judicial Circuit in Pasco County, Florida, but the case was removed to this court on January 8, 2008. The initial complaint contained only one count of wrongful termination. Subsequently, Plaintiff filed an Amended Complaint in the same court, which named the Defendant as a party to the action. Defendant timely removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss Plaintiff's First Amended Complaint (Dkt. 1, 5). As a consequence, the Court granted Plaintiff permission to further amend his Complaint (Dkt. 8). Finally, Plaintiff filed the Amended Complaint at issue here, which modified his wrongful termination claim, and added a new count of defamation (Dkt. 9, 12, 13, 14). Plaintiff alleges he was wrongfully terminated pursuant to Florida Statutes, Title XLV (Torts), Chapter 768, as a result of Defendant's negligent conduct. Plaintiff also alleges that Defendant defamed him in a communication between one of its employees and another pharmaceuticals representative regarding

the reason for Plaintiff's termination (Dkt. 14). Plaintiff seeks damages in an amount exceeding $220,000.00 (Dkt. 14). Subsequently, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint (Dkt. 15), asserting that even if the supposed allegations prove true, Plaintiff fails to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

A plaintiff, in his complaint, is required to make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is necessary because it gives "the defendant fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (overruled in other respects). A defendant may move to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." *Trustees of Hotel Indus. Pension Fund v. Carol Mgmt. Corp.*, 880 F. Supp. 1548, 1551 (S.D. Fla. 1995). The issue for the court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

In reviewing a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds). A complaint's factual allegations are presumed true, *In re Adelphia Commc'ns Corp. v. Bank of America, N.A.*, 365 B.R. 24, 33 (S.D.N.Y. 2007), and must be construed liberally, granting the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "Once a claim has been stated adequately, it may be supported by showing

any facts consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Factual allegations must be sufficient for a court to conclude that the right to relief is beyond speculation. *Bank of America, N.A.*, 365 B.R. at 33 (citing *Conley*, 355 U.S. at 47). However, dismissals based on a judge's disbelief of a complaint's factual allegations are inappropriate. *Twombly*, 127 S. Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The court cannot accept neither "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations." *Browning*, 292 F.3d at 242 (citing *Kowal*, 16 F.3d at 1275).

A court must grant a motion to dismiss when, on the basis of a dispositive issue of law, the factual allegations of a complaint fail to support the cause of action. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991), *cert. denied*, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). In other words, "a court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1315 (M.D. Ala. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## **DISCUSSION**

Plaintiff's first count alleges that Defendant acted negligently when it wrongfully terminated his employment. Plaintiff claims Defendant was negligent because it failed to investigate whether Plaintiff's previously undisclosed 2004 guilty plea to felony charges constituted an actual conviction before discharging Plaintiff from his employment. Defendant argues that Florida law allows an employer to terminate an employee at anytime without cause; thus, it is not possible for Plaintiff to

allege any set of facts that would state a cause of action for wrongful termination. In contrast, Plaintiff argues that although an employer may discharge an at-will employee at any time, the reason for termination must not violate public policy. Plaintiff claims that Defendant went against Florida statutory authority when it discharged him after Defendant determined he was a convicted felon.

Although Plaintiff attempts to state a claim for negligence, it is well understood that under Florida law, an employer is entitled to terminate an at-will employee at anytime without cause. As such, no cause of action exists under either contract or tort for wrongful termination. *DeMarco v. Publix Super Markets, Inc.*, 384 So. 2d 1253, 1253-54 (Fla. 1980). Additionally, many courts have been disinclined to recognize a cause of action for wrongful termination based on public policy concerns. *E.g.*, *Weld v. Southeastern Cos., Inc.*, 10 F. Supp. 2d 1318, 1322; *DeMarco*, 384 So. 2d at 1253-54; *Ochab v. Morrison, Inc.*, 517 So. 2d 763, 763-64 (Fla. 2d DCA 1987). "In an At-Will state such as Florida, the theories of protection from retaliatory discharge and at will employment were mutually exclusive concepts; as such … '[the court] decline[s] to act where the legislature has chosen not to …'" *Weld*, 10 F. Supp. 2d at 1322 (quoting *Ochab*, 517 So. 2d at 764). Therefore, Plaintiff's request that the Court recognize a public policy exception is without merit. In addition, there is not a cognizable cause of action against employers who negligently fail to investigate an employee's disposition prior to his or her termination. An employer may discharge an at-will employee for any reason, good or bad, unless the reason violates a specific statutory prohibition. *Cf. Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). Since the legislature has failed to enact a statute in accord with Plaintiff's public policy claims, it appears that the Plaintiff cannot plead a cause of action for wrongful termination. Accordingly, because there are no

allegations in the Amended Complaint establishing Plaintiff's right to continued employment, this Court must dismiss Count I with prejudice.

Plaintiff's second count alleges that Defendant defamed Plaintiff when it allegedly disclosed the circumstances surrounding the termination of Plaintiff's employment to one of Defendant's employees. Defendant argues that Plaintiff's defamation count fails to state a viable claim since it fails to: (a) specifically identify the person who made the alleged defamatory statement; (b) allege the time frame in which the alleged defamatory statement was made; and (c) allege facts that would show that the speaker made the statement within the scope of his or her employment and used language charged in the actual performance of his or her duties touching the matter in question. Plaintiff disagrees, arguing that he provided facts in his Second Amended Complaint sufficient to establish all of the elements for a defamation claim.

Under Florida law, to establish a *prima facie* case for defamation by slander, the plaintiff must establish that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered damages as a result of the publication. *Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002) (citing *Valencia v. Citibank Int'l*, 728 So. 2d 330 (Fla. 3d DCA 1999); *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981)). "A defamatory statement is one that tends to harm someone's reputation in the community or deters others from associating with the person." *Id*. The plaintiff is also required to allege certain facts, such as the identity of the speaker and the time frame within which the publication occurred; otherwise, a claim for slander is properly dismissed for failure to state a claim. *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 157-58 (S.D. Fla. 1986).

Specifically, to state a viable claim against a corporation for defamation based upon a statement made by one of its employees, a plaintiff must also show that the employee was acting at the time within the scope of his or her employment and used the alleged defamatory statements in the actual performance of his or her duties touching the matter in question. *Baker v. Atl. Coast Line R.R. Co.*, 141 Fla. 184 (Fla. 1939). "Generally, a corporate employer can be held vicariously liable for an intentional act of its employee when the employee is acting within the scope of the employer's apparent authority, even if the employer did not permit or otherwise authorize the act, or it was not necessary or appropriate to serve the interest of the employer. *Thompson*, 224 F. Supp. 2d at 1377 (citing *Dieas v. Assocs. Loan Co.*, 99 So. 2d 279, 280-81 (Fla. 1957)). In this case, Plaintiff was granted many opportunities to state a cause of action against Defendant. It is also true that continued failure to cure defects in pleading requirements as required by Fed. R. Civ. P. 8(a) may result in the dismissal of the case. *Hernandez v. Century Corr. Inst.*, Case No. 3:07cv404/LAC/EMT, slip op. at 4 (N.D. Fla. Dec. 10, 2007).

Plaintiff failed to disclose the identities of Defendant's employee that made the alleged defamatory statement and the pharmaceutical representative alleged to have heard the statement. In addition, Plaintiff failed to identify the time frame in which the representative made the alleged defamatory statement and how the statement was made in connection with his or her performance or job duties as a Novartis employee. Although Plaintiff failed to allege facts sufficient to make a *prima facie* claim for defamation, Plaintiff added Count II in the Amended Complaint at issue here; thus, he has not exhausted his opportunities to cure any deficiencies in his alleged defamation count. Therefore, it cannot be said that he abused his amendatory privilege with regard to Count II. *See Linafelt v. Bev, Inc.*, 662 So. 2d 986, 989 (Fla. 1st DCA 1995). Accordingly, this Court cannot

dismiss the defamation count with prejudice without giving Plaintiff any opportunity to cure the defects and state a cause of action, including a statement of the amount of damages being sought. It may be that the claim no longer meets the jurisdictional threshold for removal and may need to be remanded.

For the foregoing reasons, Plaintiff failed to state a claim upon which relief can be granted with respect to Count I only. Accordingly, it is

**ORDERED** that (1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Dkt. 15) is **GRANTED** as to Count I; (2) Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Dkt. 15) is **DENIED** as to Count II; and (3) Plaintiff is granted leave to amend his complaint as to Count II within ten days of this date. **FAILURE** to timely amend will result in complete dismissal of this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of July, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record